JOSEPHINE G. TILLINGHAST *et al. vs.* CHARLES H. HORTON.

JANUARY 19, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

RATHBUN, J. This is a bill in equity brought against a mortgagee by the owners of the equity of redemption to set aside a sale of real estate made at a public auction conducted under authority of the power of sale contained in the mortgage. The cause is here on complainants' appeal from a decree of the Superior Court dismissing the bill.

Notice that the sale would be held on the premises at 12 o'clock noon on March 4, 1933, was duly given by advertisement. By order issued by the Acting Governor of the State in the early morning of March 4, 1933, a bank holiday was declared. For a short period thereafter all banking institutions and safe deposit companies remained closed by reason of said order.

The complainants, who were present, made no objection to the sale being held, and after some competitive bidding the property was sold to the mortgagee, this respondent, for a sum in excess of the mortgage. There is no evidence or suggestion of any fraud, collusion or bad faith on the part of the mortgagee, and no evidence that the price was inadequate or that the property would have brought more at a subsequent sale, or at that sale if a bank holiday had not been declared. "Mere inadequacy of price is not enough to impeach a sale under the power contained in a mortgage. . . . A grossly inadequate price may be taken account of in connection with other circumstances in determining whether there has been a fair sale." *Beacon Hill Land Co.* v. *Bowen*, 33 R. I. 404 at 412.

The authorities appear to be unanimous to the effect that mortgage foreclosure sales and judicial sales are not invalid, unless expressly prohibited by statute, by reason of being held on a bank holiday. Jones on Mort., Vol. 3, § 2387 (§ 1847); 58 A. L. R. p. 1273; 86 A. L. R. p. 1138.

The appeal is denied and dismissed, the decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Adolph Gorman*, for complainants.
*Roscoe M. Dexter*, for respondent.